IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DEANNA EFFLAND, | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-23-1494 |
| v. | * | |
| BALTIMORE POLICE DEPARTMENT, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In 2023, plaintiff Deanna Effland ("Plaintiff") filed this action against defendant Baltimore Police Department ("BPD"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* ECF No. 1 (Compl.). Plaintiff's claims arise out of a previously filed lawsuit that Plaintiff filed against BPD and several BPD employees, *Effland v. Baltimore Police Dep't*, Civ. No. MJM-20-3503 (D. Md. 2023) ("*Effland I*"). Plaintiff alleges that BPD's conduct during litigation in *Effland I* amounts to unlawful retaliation.

This matter is before the Court on BPD's Motion to Dismiss (ECF No. 7). The motion is fully briefed and ripe for disposition. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Court will grant the motion, and the Complaint will be dismissed with prejudice.

**I.    BACKGROUND**

In 2020, Plaintiff filed *Effland I* against BPD and four individuals employed by BPD, alleging that the defendants discriminated and retaliated against her based on her sex in violation of state and federal law. *See Effland I*, ECF No. 1.

In a motion to dismiss filed in that case, the defendants argued that Plaintiff failed to file suit within 90 days of receiving her EEOC right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). *Effland I*, ECF No. 25-1 at 7–12. The Amended Complaint included an allegation that she received a copy of the right-to-sue letter on September 3, 2020, *Effland I*, ECF No. 20 ¶ 14, exactly 90 days before she filed suit on December 2, 2020, *Effland I*, ECF No. 1. In relevant part, the memorandum of law submitted in support of the defendants' motion to dismiss contained the following:

> After [filing her original complaint and] realizing that her case was dead-in-the-water, Plaintiff **manufactured new dates** which she hopes will stave off dismissal [of her amended complaint]. . . . Conveniently, **Plaintiff has come up with a date** that is exactly 90 days before she filed her Complaint. **This manipulation** is, obviously, convenient to the point of suspect. . . . Staring down dismissal, she has **merely listed a date** of receipt that would not bar her suit.

*Effland I*, ECF No. 25-1 at 8–9 (emphasis added). Plaintiff subsequently provided sworn declarations and text messages to support and corroborate her claim to having received the right-to-sue letter on September 3, 2022. *Effland I*, ECF Nos. 38-2 & 38-3.

The Court summarized the timeliness issue as follows:

> In federal court, if the date of receipt of the right to sue letter is disputed, unknown, or asserted without supporting evidence, it is presumed to be three days after mailing. *See* Fed. R. Civ. P. 6(d) . . . . While **BPD asserts that the date of receipt proffered by Lt. Effland [in a signed declaration] is immaterial because of the three-day presumption**, Lt. Effland overcomes the presumption by providing sufficient evidence that the date she actually received the letter was September 3, 2020, six days after mailing and exactly ninety days before the present suit was filed on December 2, 2020. . . . Though **BPD disputes the credibility of these declarations and [related] text messages as self-serving**, it fails to identify any documentation indicating that Lt. Effland received the letter earlier.

2

*Effland I*, ECF No. 43 at 8 (emphasis added); *Effland v. Baltimore Police Dep't*, No. 1:20-CV-3503-CCB, 2022 WL 3107144, at *4 (D. Md. Aug. 4, 2022).

Plaintiff filed the instant suit on June 2, 2023. ECF No. 1 (Compl.).[1] In this case, Plaintiff avers that BPD's statements in *Effland I* "would lead the Court or any member of the public to believe that BPD has a factual basis for making the incredible claim that Plaintiff knowingly and willfully lied to the Court with respect to the date in which she received her Dismissal and Notice of Rights from the EEOC." Compl. ¶ 16. Plaintiff contends that the challenged statements were made in retaliation for her having filed suit under Title VII in *Effland I* and asserts a single count of Title VII retaliation. *Id.* ¶¶ 49–61.

BPD moves to dismiss the instant case for lack of subject matter jurisdiction and failure to state a claim for relief. ECF No. 7 (Def. Mot.); ECF No. 7-1 (Def. Mem.); ECF No. 14 (Def. Reply). Plaintiff opposes the motion. ECF No. 12 (Pl. Opp'n). For reasons explained below, the motion will be granted.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

---

[1] Plaintiff received an EEOC right-to-sue letter related to the allegations in this case on March 7, 2023. Compl. ¶ 8.

complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a Rule 12(b)(6) motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Generally, in evaluating a motion to dismiss under Rule 12(b)(6), the court cannot consider any evidence outside of the complaint. *Hayes v. Md. Transit Admin.*, Civ. No. 1:23-cv-01195-JRR, 2023 WL 8829260, at *3 (D. Md. Dec. 21, 2023). "A court may consider documents attached to a motion to dismiss if the document is 'integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Id.* (quoting *Am. Chiropractors Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). A document is integral to the complaint when "by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC,* 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 571 F. Supp. 2d 801, 806 (E.D. Va. 2007)). A court may also consider any matters of public record in ruling upon a Rule 12(b)(6) motion. *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009)).

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject-matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Rule 12(b)(1) also "governs motions to dismiss for mootness and for lack of standing, which pertain to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

## III.  DISCUSSION

### A.  Litigation Privilege

In support of its Motion to Dismiss, BPD first argues that Plaintiff's claim is barred by the absolute litigation privilege. Def. Mem. at 8–9. BPD contends this Court should follow the "'strong trend favoring application of the absolute litigation privilege to immunize litigation participants from liability for any tort claim (not just defamation) that is based on words written or spoken in the course of a judicial proceeding.'" *Id.* at 8; *see also State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 571 (D. Md. 2019) (quoting *O'Brien & Gere Engineers, Inc. v. City of Salisbury*, 113 A.3d 1129, 1140 (Md. 2015)).

In Maryland, the absolute litigation privilege applies to immunize "counsel from liability for 'defamatory statements uttered in the course of a trial or contained in pleadings, affidavits, depositions, and other documents directly related to the case.'" *Leading Tech. Composites, Inc. v. MV2, LLC.*, Civ. No. CCB-19-1256, 2019 WL 4962312, at *2 (D. Md. Oct. 8, 2019). "Until 2013, every reported Maryland opinion about the absolute litigation privilege arose in the context of a defamation action . . . ." *O'Brien*, 113 A.3d at 1140. Later, however, Maryland courts found that "[a]bsolute privilege is a broad defense to tort claims . . . ." *Att'y Grievance Comm'n of Maryland v. Frost*, 85 A.3d 264, 278 n.14 (Md. 2014). Now, "in applying the litigation privilege, courts employ a substance-over-form analysis, considering 'whether immunity from liability is consistent with and will serve the public policy objectives of the privilege, and [applying] the privilege when that is the case.'" *State Farm*, 381 F. Supp. 3d at 571 (quoting *O'Brien*, 113 A.3d at 1147). The purpose of the privilege "is to protect the free and unfettered administration of justice by serving the ultimate goal of information exchange and discovery of the truth." *O'Brien*, 113 A.3d at 1139 (cleaned up).

6

However, as Plaintiff points out, and as multiple federal Courts of Appeals have indicated, "a state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 851 (9th Cir. 2004) (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)). In *Steffes*, the Seventh Circuit reasoned that recognizing an absolute litigation privilege against retaliation claims brought under Title VII and the Americans with Disabilities Act ("ADA") "could interfere with the policies underlying the anti-retaliation provisions of [those statutes]." 144 F.3d at 1075. For this and other reasons, the court declined to extend the privilege to Title VII and ADA retaliation suits, but it affirmed the district court's dismissal of the claims in that case for failure to state a claim. *Id.* at 1076.

Courts in this district and circuit have found that conduct in litigation can constitute retaliation under federal labor and employment statutes. *See Blistein v. St. John's Coll.*, 860 F. Supp. 256, 268 (D. Md. 1994), *aff'd*, 74 F.3d 1459 (4th Cir. 1996) (finding that plaintiff established a prima facie case of retaliation under the Age in Employment Discrimination Act (ADEA) based upon the defendant filing counterclaims for breach of contract and promissory estoppel in response claims brought under the ADEA),[2] *cited in Haught v. Louis Berkman LLC, W. Virginia*, Civ. No. 5:03CV109, 2006 WL 399426, *6 (N.D.W.Va. Feb. 16, 2006) (Title VII retaliation case); *Sowards v. Toyota Motor Mfg.*, Civ. No. 3:15-13029, 2016 WL 3211441, at *5 (S.D.W.Va. June 9, 2016) (finding that "threatening a malicious prosecution lawsuit to intimidate a plaintiff into voluntarily

---

[2] The Court ultimately granted summary judgment in favor of the defendant on the retaliation claim based on its legitimate, non-retaliatory reason for filing its counterclaims and plaintiff's failure to establish that the reasons given were pretextual. *Id.*

dismissing his or her FMLA [Family and Medical Leave Act] claim can constitute FMLA retaliation under *Burlington Northern*'s[3] standard for materially adverse action").

In consideration of the foregoing decisions of other courts, and finding them to be persuasive, this Court declines to apply the absolute litigation privilege to bar suits for Title VII retaliation claims based upon an employer's conduct in litigation. If an employer's litigation conduct in a suit brought against it for Title VII violations materially impacts the employee in a way that would dissuade a reasonable employee from filing Title VII suits, *Burlington*, 548 U.S. at 68, and that conduct is motivated by "the desire to retaliate," *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013), and not just effort to defend itself against the employee's legal claims, applying the common-law absolute litigation privilege to bar a Title VII retaliation suit would interfere with important federal interests and leave the employee without recourse for infringement of her federal rights.

Accordingly, the Court finds that Maryland's absolute litigation privilege does not bar Plaintiff's Title VII retaliation claim.

### B. Title VII Retaliation

BPD also argues that the Complaint should be dismissed for failure to state a claim because Plaintiff fails to allege an adverse action that impacted her employment. Def. Mem. at 10–12. The Court agrees and will grant the motion.

Title VII prohibits an employer from retaliating against an individual for engaging in activity protected by Title VII. *See* 42 U.S.C. § 2000e-3(a). Specifically, it is unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII]" or because the employee has "made a charge, testified,

---

3   *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.*

To be actionable in a suit for retaliation under Title VII, the employer's conduct must be such that "a reasonable employee would have found the challenged action[s] materially adverse," that is, sufficient to dissuade a reasonable employee from engaging in protected activity. *Burlington*, 548 U.S. at 68; *see also Strothers*, 895 F.3d at 327. The adverse action necessary to sustain a retaliation claim "need not affect the terms and conditions of employment." *Barnes v. Charles Cnty. Pub. Schools*, 747 Fed. App'x 115, 119 (4th Cir. 2018) (per curiam) (citing *Burlington*, 548 U.S. at 64); *see also Strothers*, 895 F.3d at 327 n.3. But the challenged conduct must impose "some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 670 (4th Cir. 2018) (quoting *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015)). "The anti-retaliation provision of Title VII does not protect against 'petty slights, minor annoyances, and simple lack of good manners.'" *Geist v. Gill/Kardash P'ship*, 671 F. Supp. 2d 729, 738 (D. Md. 2009) (quoting *Burlington*, 548 U.S. at 68).

Ultimately, "Title VII retaliation claims require proof that *the desire to retaliate* was the but-for cause of the challenged employment action." *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900 (4th Cir. 2017) (quoting *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)). A plaintiff may prove retaliation "either through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 . . . (1973)." *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015).

Under the burden-shifting framework, a plaintiff must first "establish a prima facie claim of retaliation[]" by showing: "(1) that [she] engaged in protected activity, (2) that the employer

took a materially adverse action against [her] and (3) there is a causal connection between the protected activity and the adverse action." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019). "After a *prima facie* case is made, the burden shifts to the employer to show that it took adverse action for a legitimate non-retaliatory reason." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (citing *Foster*, 787 F.3d at 250). If the employer makes this showing, "the burden shifts back to [the plaintiff] to show that the reason is 'mere pretext for retaliation by proving both that the reason was false, and that discrimination was the real reason for the challenged conduct.'" *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (citation omitted), *cited in Foster*, 787 F.3d at 252.

A complaint is not required to "contain facts establishing the *McDonnell Douglas* framework's prima facie case," and it is not required "contain facts rebutting any legitimate, nondiscriminatory reason articulated by the employer for its allegedly retaliatory action." *Barbour v. Garland*, 105 F.4th 579, 590 (4th Cir. 2024). However, a Title VII claim may be subject to dismissal if an "obvious alternative explanation" renders the claim implausible. *See id.* ("A complaint . . . will survive a Rule 12(b)(6) motion so long as the employer's explanation 'does not render [the complaint's] allegations implausible.'") (citation omitted); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 588 (4th Cir. 2015) (affirming dismissal of a complaint where it "leaves open to speculation the cause for the defendant's decision to select someone other than [plaintiff], and the cause that she asks us to infer (*i.e.*, invidious discrimination) is not plausible in light of the 'obvious alternative explanation' that the decisionmakers simply judged those hired to be more qualified and better suited for the positions") (quoting *Iqbal,* 556 U.S. at 682, and *Twombly,* 550 U.S. at 567).

In this case, Plaintiff's allegations are insufficient to state a plausible claim that BPD took a materially adverse action against her that is actionable under Title VII. There is no dispute that Plaintiff's filing suit in *Effland I*, alleging violations of Title VII, was a protected activity. Plaintiff alleges that, through the statements of its counsel in a memorandum of law filed in *Effland I*, BPD "knowingly and publicly impugned [Plaintiff's] integrity without any evidence or justification" and did so "to harm her career" and "to dissuade other police officers and employees of the BPD from engaging in similar protected activity." Importantly, however, Plaintiff does not allege that BPD's impacted Plaintiff's employment status in any way. *See Adams*, 789 F.3d at 431 (Title VII retaliation claim requires "some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it").

Moreover, even if Plaintiff's allegations satisfied the elements of prima facie case of retaliation, BPD's non-retaliatory reasons for making the challenged statements are obvious from the face of the Complaint and the court record in *Effland I* and render Plaintiff's retaliation claim implausible. To place the challenged statements in context: They were made through counsel in a brief arguing that the Court should presume Plaintiff received the right-to-sue letter within three days of mailing, citing Fed. R. Civ. P. 6(d). *See Effland I*, ECF No. 25-1 at 8–10. BPD's counsel further argued that the Court should disregard assertions made in Plaintiff's complaint about when she received the right-to-sue letter because, at that time, Plaintiff's assertion lacked specific factual or evidentiary corroboration. *Id.* In the challenged brief, BPD's counsel supported its arguments with citation to several persuasive authorities holding that a court can set aside self-serving affidavits and adopt the three-day presumption. *See id.* at 9–12. BPD's counsel noted the fact that the date Plaintiff claimed to have received the right-to-sue letter (September 3, 2022) would have placed the 90-day expiration date for her to file suit on the exact date she filed it (December 2,

11

2022). *Id.* at 8. Clearly, BPD's counsel considered Plaintiff's assertion self-serving and presumed or inferred that it was contrived. *Id.*

Plaintiff argues that BPD "failed to produce any evidence" supporting its statements that Plaintiff "manufactured" the date she claimed to receive her EEOC right-to-sue letter. Opp'n at 12. Importantly, however, BPD's counsel made the statements Plaintiff challenges here *before* Plaintiff provided any competent evidence to prove the date she received the right-to-sue letter. *See Effland I*, ECF No. 25 (defendants' motion and memorandum, filed on January 10, 2022); ECF No. 38 (Plaintiff's motion for partial summary judgment attaching exhibits, filed on May 13, 2022). The Court relied upon Plaintiff's exhibits in ruling against BPD on the timeliness issue. *Effland I*, ECF 43 at 6–8; *Effland v. Baltimore Police Dep't*, No. 1:20-CV-3503-CCB, 2022 WL 3107144, at *4 (D. Md. Aug. 4, 2022). The fact that Plaintiff ultimately prevailed on the issue does not suggest that the inferences BPD initially stated in its briefing, without the benefit of evidence Plaintiff later presented, were motivated by unlawful retaliation.

BPD's counsel had obvious non-retaliatory reasons for making the statements: to state an inference or presumption in support of a non-frivolous argument that the suit in *Effland I* should be dismissed as time barred. Plaintiff offers no facts to support a reasonable inference that the challenged statements, made through counsel in a memorandum of law, arise from any retaliatory motive or animus prohibited by Title VII. To the contrary, proposition that the challenged statements, viewed in context, arose from "*the desire to retaliate*" is not plausible in light of the "obvious alternative explanation" for them. *See Villa*, 858 F.3d at 900 (citing *Nassar*, 570 U.S. at 352); *McCleary-Evans*, 780 F.3d at 588 (citing *Iqbal,* 556 U.S. at 682, and *Twombly,* 550 U.S. at 567).

Even if the challenged statements about Plaintiff's receipt of the right-to-sue letter in *Effland I* constituted actionable retaliation, Plaintiff's allegations do not plausibly impute the challenged statements to BPD. Indeed, the allegations in the Complaint focus on the conduct of BPD's counsel. Plaintiff does not allege, for example, that BPD directed its counsel to make the challenged statements or otherwise disparage Plaintiff. To the contrary, the Complaint repeatedly alleges that BPD retaliated "through counsel" without specifying any involvement by BPD itself. Compl. ¶¶ 8, 15, 21–22, 34, 36.

In *Steffes*, the Seventh Circuit affirmed dismissal of a Title VII retaliation case based upon the plaintiff's former employer, Stepan, contacting her current employer, Dow Chemical, and informing them about the plaintiff's discrimination suit against Stepan. Although the Seventh Circuit disagreed with the district court's decision to extend an absolute litigation privilege to the Title VII retaliation case, *id.* at 1076, the court recognized that "it will be the rare case in which conduct occurring within the scope of litigation constitutes retaliation prohibited by [Title VII or the ADA]." *Steffes*, 144 F.3d at 1075. "[L]itigation tactics for the most part will not give rise to actionable retaliation." *Steffes*, 144 F.3d at 1076. It is critical that attorneys as advocates "be able to present their client's case . . . without intimidation or harassment. . . ." *Id.* Even a contentious dispute over the conduct of counsel is "inseparable from the litigation of the claim" and is likely "a matter to be resolved pursuant to court rules, not by Title VII." *Id.* (quoting *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 486 (7th Cir. 1996)).

Clearly, the Federal Rules of Civil Procedure gave Plaintiff avenues to seek relief from what she perceived to be improper and frivolous statements made in BPD's briefing in *Effland I*. Rule 11(b) prohibits litigants from filing of papers with the court "for any improper purpose," presenting frivolous arguments, and making factual contentions without evidentiary support. Fed.

R. Civ. P. 11(b). Under Rule 11(c), a party may file a motion for sanctions against a litigant who violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Additionally, a party aggrieved or prejudiced by any "scandalous matter" contained in a pleading may move to strike it, either under Rule 12(f) or the court's inherent power to control its docket. *See* Fed. R. Civ. P. 12(f); *Moret v. Geren*, 494 F. Supp. 2d 329, 335–36 (D. Md. 2007) (motions to strike governed by Rule 12); *Lars St. John v. Cuyahoga Metro. Hous. Auth.*, No. 1:21CV2198, 2024 WL 326772, at *15 (N.D. Ohio Jan. 26, 2024) ("[T]rial courts make use of their inherent power to control their dockets, when determining whether to strike documents or portions of documents.") (citation omitted).

Because the Complaint fails to state a plausible Title VII retaliation claim, BPD's motion to dismiss will be granted, and the Complaint will be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 7) will be granted, and the Complaint will be dismissed with prejudice.

A separate Order will issue.

| | |
|---|---|
| _9/30/24_ | _____ |
| Date | Matthew J. Maddox<br>United States District Judge |