IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEANNA EFFLAND,** | * |
| Plaintiff, | * |
| v. | * Civ. No. MJM-23-1494 |
| **BALTIMORE POLICE DEPARTMENT,** | * |
| Defendant. | * |

**MEMORANDUM ORDER**

This matter is before the Court on plaintiff Deanna Effland's ("Plaintiff") motion to alter or amend the judgment. ECF No. 17. The motion is fully briefed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court will deny the motion.

**I.   BACKGROUND**

The Court incorporates the summary of facts set forth in its prior Memorandum Opinion. ECF No. 15 at 1–3. In sum, Plaintiff filed the instant suit against BPD for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") based on a statement its counsel made in a memorandum filed in support of a motion to dismiss in a separate case, *Effland v. Baltimore Police Dep't*, Civ. No. MJM-20-3503 ("*Effland I*"). Specifically, Plaintiff asserts Title VII retaliation based on arguments in a brief questioning the credibility of claims Plaintiff made in *Effland I* about the date she received her right-to-sue letter, which was exactly 90 days before she filed suit and therefore just barely timely.

Defendant filed a motion to dismiss in the instant action, which this Court granted by Memorandum Opinion and Order. ECF Nos. 15, 16; *Effland v. Baltimore Police Dep't*, Civ. No. MJM-23-1494, 2024 WL 4349690 (D. Md. Sept. 30, 2024).

Plaintiff filed a motion to alter or amend the Court's judgment. ECF No. 17. Defendant opposed the motion, ECF No. 20, and Plaintiff filed a reply, ECF No. 23.

## II.   LEGAL STANDARD

A party may file a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A district court may grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rule 60(b) provides for relief from a final judgment, order, or proceeding for specific reasons enumerated in the rule. "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Once this threshold is met, the party "then must satisfy one of the six specific sections of Rule 60(b)." *Id.*

Reconsideration of a final judgment is an "extraordinary remedy, which should be used sparingly." *Carlton J. v. Kijakazi*, Civ. No. TJS-21-241, 2022 WL 597064 at *1 (D. Md. Feb. 28, 2022). Grounds for reconsideration are "purposefully narrow" to avoid exhausting the parties' and the Court's resources on the re-litigation of settled matters. *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074 at *1 (D. Md. Aug. 1, 2018). Such motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to

address in the first instance." *Id.* To justify granting a Rule 59(e) motion based on a clear error of law, it is insufficient for a plaintiff to show that the court's judgment was "just maybe or probably wrong . . . ." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2019) (citation omitted). "[M]ere disagreement" with the court's analysis will not suffice. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The plaintiff must identify a clear error of law that "strike[s] [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish. . . . It must be dead wrong." *Franchot*, 572 F.3d at 194 (cleaned up).

### III. DISCUSSION

Plaintiff seeks the extraordinary relief of reconsideration of the Court's Order dismissing the Complaint on several grounds.

First, Plaintiff argues that the Court made a clear error of law in concluding that she was required to allege an adverse action that impacted or otherwise harmed her employment in order to sustain a claim of retaliation under Title VII. *See* ECF No. 17-1 at 3–6. Defendant argues that Plaintiff misinterprets the legal standard for establishing an adverse action sufficient to sustain a claim of retaliation under Title VII, and that Plaintiff must show that the adverse action had some impact on her employment. *See* ECF No. 20-1 at 5–6.

Title VII prohibits an employer from retaliating against an individual for engaging in activity protected by Title VII. *See* 42 U.S.C. § 2000e-3(a). To be actionable in a suit for retaliation under Title VII, the employer's conduct must be such that "a reasonable employee would have found the challenged action[s] materially adverse," that is, sufficient to dissuade a reasonable employee from engaging in protected activity. *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff takes issue with the Court's reliance upon binding Fourth Circuit precedent for the proposition that a retaliatory adverse action under Title VII "must impose 'some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it.'" ECF No. 15 at 9 (quoting *Ray v. Int'l Paper Co.*, 909 F.3d 661, 670 (4th Cir. 2018)). The Court also pointed out, as Plaintiff emphasizes, that the adverse action "need not affect the terms and conditions of employment." *Id.* (quoting *Barnes v. Charles Cnty. Pub. Schools*, 747 Fed. App'x 115, 119 (4th Cir. 2018) (per curiam), and citing *Burlington*, 548 U.S. at 64, and *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 327 n.3 (4th Cir. 2018)). In any event, the Court applied the both Supreme Court and Fourth Circuit precedent to find that no plausible claim in this case that Defendant's challenged filing in *Effland I* constituted a materially adverse action that is actionable as retaliation under Title VII. ECF No. 15. The Court finds no clear error in this conclusion.

Even if the Court did err in applying *Ray*, the Court dismissed Plaintiff's Complaint on other grounds. Specifically, BPD's counsel "had obvious non-retaliatory reasons for making the [challenged] statements: to state an inference or presumption in support of a non-frivolous argument that the suit in *Effland I* should be dismissed as time barred." *Id.* at 12.

Plaintiff also challenges this basis for the dismissal in her motion to alter or amend the judgment. She argues that the Court applied an incorrect standard and violated the principle that, when ruling on a motion to dismiss, the Court must "take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." ECF No. 17-1 at 7 (citing *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). Instead, Plaintiff argues, the Court should have applied the principle recognized in *Bill Johnson's Rests. v. NLRB* that "litigation conduct can indeed serve as the basis for a retaliation claim under federal workplace laws if 1) the litigation

4

conduct lacks a reasonable basis and; 2) is pursued with a retaliatory motive." ECF No. 17-1 at 14 (citing 461 U.S. 731, 740–44 (1983)).

Applying this standard, however, would have had the same result. It is well established that a lawsuit or counterclaim "filed by an employer against an employee can constitute an act of unlawful retaliation under another federal statute governing employment rights when the lawsuit is filed with a retaliatory motive and lacking a reasonable basis in fact or law." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008) (citing *Bill Johnson's Restaurants*, 461 U.S. at 745); *see also Samirah v. Dist. Smiles, PLLC*, Civ. No. TDC-21-0829, 2023 WL 3932317, at *3 (D. Md. June 9, 2023). Applying this principle to the Court's assessment of Plaintiff's retaliation claim clearly warrants dismissal. In its Memorandum Opinion, the Court found that "Plaintiff offers no facts to support a reasonable inference that the challenged statements, made through counsel in a memorandum of law, arise from any retaliatory motive or animus prohibited by Title VII." ECF No. 15 at 12. The Court also emphasized the context in which BPD's counsel made the challenged statements, noting that counsel simply raised a question as to the credibility of Plaintiff's claims about date she received a right-to-sue letter (exactly 90 days before filing suit) at the time when counsel lacked any corroboration for these claims. *Id.* at 11. Ultimately, the Court found it implausible that the challenged statements arose from an unlawful retaliatory motive. *Id.* at 12.

For the foregoing reasons, Plaintiff fails to demonstrate that she is entitled to alteration of the Court's Order on this issue.

## IV.    CONCLUSION

For the reasons stated above, it is by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff's motion to alter or amend judgment (ECF No. 17) is DENIED. The Clerk shall close this case.

 

 9/30/25                                                          /S/
Date                                                     Matthew J. Maddox
                                                        United States District Judge